UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-60637-CIV-HUCK/O'SULLIVAN

SUNBEAM TELEVISION CORP.,

    Plaintiff,
v.

NIELSEN MEDIA RESEARCH, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

This matter is before the Court on Nielsen Media Research, Inc.'s Motion to Dismiss the Second Amended Complaint (D.E. #51), filed February 8, 2010. Sunbeam Television Corp. is suing Nielsen for violation of the federal and state antitrust laws, violation of the Florida Deceptive and Unfair Trade Practices Act, and breach of contract. In its antitrust claims, Sunbeam alleges that Nielsen has willfully maintained a monopoly in the Miami-Fort Lauderdale television ratings market by engaging in a variety of exclusionary practices, in violation of section 2 of the Sherman Act and Florida's equivalent statute, section 542.19 of the Florida Statutes. Nielsen moves to dismiss Sunbeam's antitrust claims, as well as its claim for deceptive and unfair trade practices to the extent it is based on claims of antitrust violations. For the reasons below, the Court denies Nielsen's Motion.

Nielsen argues, just as it did in its previous motion to dismiss (D.E. #44), that Sunbeam's monopolization claims should be dismissed because Sunbeam has failed to allege that any competitor of Nielsen had the intention and preparedness to enter the Miami market. Under Eleventh Circuit precedent, when a potential competitor "seeks to recover for an antitrust injury that allegedly arises from the frustrated expansion of [its] business into a new market, there are two significant requirements for establishing an entitlement to recovery; a demonstration of (1) an intention to enter the business, and (2) a showing of preparedness to enter the business." *Cable Holdings of Ga., Inc. v. Home Video, Inc.*, 825 F.2d 1559, 1562 (11th Cir. 1987) (internal quotation and citations omitted). To show preparedness, the excluded competitor "must take some affirmative step to enter the business." *Gas Utils. Co. of Ala. v. S. Natural Gas Co.*, 996

F.2d 282, 283 (11th Cir. 1993).  Nielsen argues that this preparedness requirement applies equally to a customer as it does to a potential competitor.  In other words, a customer alleging antitrust injury arising from a defendant's exclusion of potential competitors must allege that a potential competitor took affirmative steps to enter the market.

Nielsen admits that it cannot find any Eleventh Circuit cases applying the preparedness requirement to customers, but relies on the following statement from an opinion by the D.C. Circuit:

> Just as a would-be entrant suing an incumbent firm for excluding it from a relevant market in violation of the Sherman Act must demonstrate it intended and was prepared to enter that market, so a *would-be purchaser* suing an incumbent monopolist for excluding a potential competitor from which it might have bought a product at a lower price *must prove the excluded firm was willing and able to supply it but for the incumbent firm's exclusionary conduct*.

*Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 862 (D.C. Cir. 2008) (emphasis added) (internal citations omitted).  According to Nielsen, *Meijer* requires a customer to satisfy the preparedness requirement, thereby requiring the customer to prove that a potential competitor took affirmative steps to enter the market.

The Court previously considered, and rejected, Nielsen's contention.  As the Court indicated at the January 8, 2010 hearing on Nielsen's previous motion to dismiss, the Court finds *Meijer* to be persuasive but disagrees with Nielsen that it requires a customer to show that a potential competitor took affirmative steps to enter the market.  Rather, *Meijer* imposes a lesser burden on customer plaintiffs—they must show only that but for the exclusionary conduct, there are competitors who are "willing and able" to enter the market.  (*See* D.E. #50, Hr'g Tr. 28-35, Jan. 8, 2010.)

The Court granted Sunbeam leave to amend its complaint to allege that in the absence of Nielsen's allegedly anticompetitive conduct, there would be competitors willing and able to enter the Miami-Fort Lauderdale television ratings market.  Upon review of the Second Amended Complaint, the Court is satisfied that Sunbeam has done so.  For example, Sunbeam alleges that "[i]n the absence of Nielsen's exclusionary conduct . . . , one or more competitors would have been willing and able to enter, and likely would have entered and competed in most, if not all,

U.S. television audience measurement markets, including the Miami DMA." (D.E. #49, Second Amended Complaint ¶ 122.) Accordingly, it is hereby

ORDERED that Nielsen's Motion to Dismiss the Second Amended Complaint is DENIED. Nielsen shall file an answer to the Second Amended Complaint by Thursday, March 25, 2010.

DONE AND ORDERED in Chambers, Miami, Florida, March 5, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
All Counsel of Record