UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60637 CIV-HUCK/O'SULLIVAN

SUNBEAM TELEVISION CORP.

       Plaintiff,
vs.

NIELSEN MEDIA RESEARCH, INC.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendant, Nielsen Media Research, Inc.'s Bill of Costs (DE # 190, 2/22/11).  This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Paul Huck, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b).  Having carefully reviewed the filings and applicable law, the undersigned recommends that the Defendant, Nielsen Media Research, Inc.'s Bill of Costs (DE# 190, 2/22/11) be GRANTED in part and DENIED in part as in accordance with the following Report and Recommendation.

## BACKGROUND

The plaintiff filed this lawsuit against the defendant on April 30, 2009, (DE # 1, 4/30/09).  The plaintiff filed an Amended Complaint on August 31, 2009, (DE # 41, 8/31/09).  On January 19, 2010, the plaintiff filed a Second Amended Complaint (DE # 49, 1/19/10).

The defendant moved for summary judgment on September 21, 2010, (DE # 94,

9/21/10).  The District Court entered a Partial Order on Summary Judgment on January 13, 2011, granting summary judgment in favor of the defendant as to the federal and state antitrust claims alleged in Counts I and II of the Second Amended Complaint (DE # 179, 1/13/11).  On January 20, 2011, the parties filed a Stipulation of Dismissal (DE # 186, 1/20/11) with the court, dismissing the remaining two claims, Count III and IV of the Second Amended Complaint, with prejudice.  On January 27, 2011, Final Judgment (DE # 189, 1/27/11) was entered into the docket, disposing of all claims in this action. The defendant filed a Bill of Costs, as well as a memorandum in support thereof, on February, 22, 2011, (DE # 190 & 191, 2/22/11).  The plaintiff filed a notice of appeal to the United States Court of Appeals for the Eleventh Circuit on February 24, 2011, (DE #195).  The plaintiff filed a limited objection to the defendant's Bill of Costs on March 2, 2011, (DE # 198, 3/2/11).  The defendant filed a reply on March 9, 2011, (DE # 200, 3/9/11).

## ANALYSIS

### I. Request to Stay the Bill for Costs

The plaintiff does not object to the amount of costs sought by the defendant, but the plaintiff requests that the Court stay the determination of the issue of costs until after the appeal in this matter. See "Plaintiff Sunbeam's Limited Objection to Nielsen's Bill of Costs" (DE # 198, 3/2/11). The plaintiff cites LaMonica v. Safe Hurricane Shutters, Inc., No. 07-61295, 2009 WL 806587, at *1 (S.D. Fla. Mar. 18, 2009), as its authority for asserting that the court should deny the defendant's motion without prejudice to refiling. In LaMonica, the District Court stated, however, that "[a]lthough this court has discretion to deny the Motion to Tax Costs without prejudice to refiling after resolution of the

2

appeal, this Court prefers to rule upon the Motion to Tax Costs at this time." Id.

The plaintiff also asserts that the costs sought by the defendant are small compared to the defendant's resources, and therefore, there is no risk to the defendant in waiting until the appeal is resolved. See "Plaintiff Sunbeam's Limited Objection to Nielsen's Bill of Costs" (DE # 198, 3/2/11). The plaintiff does not cite to any case law to support the Court's consideration of this notion when deciding this motion and the undersigned does not find that this is a reason to stay the motion for costs.

Finally, the plaintiff asserts that the expenditure of resources in reversing the award of costs if the plaintiff were to prevail on appeal is out of proportion with the cost award the defendant seeks. See "Plaintiff Sunbeam's Limited Objection to Nielsen's Bill of Costs" (DE # 198, 3/2/11). The plaintiff cites no case law in support of this argument and the undersigned does not find this a reason to stay the motion for costs.

The plaintiff only objects to the timing of the defendant's request for costs, not the amount. See "Plaintiff Sunbeam's Limited Objection to Nielsen's Bill of Costs" (DE # 198, 3/2/11). The filing of a notice of appeal "may not divest the district court of jurisdiction over collateral matters not affecting the question presented on appeal." Doe v. Bush, 261 F.3d 1037, 1064 (11th Cir. 2001). Furthermore, "[i]t is well settled in this circuit that costs may be taxed after a notice of appeal has been filed." Rothenberg v. Security Management Co., Inc., 677 F.2d 64, 64 (11th Cir. 1982). As discussed above, the undersigned finds that there is no reason to stay the Bill for Costs.

II. Bill of Costs

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court

3

otherwise directs." FED.R.CIV.PRO. 54(d)(1).  "[T]he litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)...A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001) (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)). The defendant prevailed in the case at bar and, therefore, is entitled to receive all costs recoverable under 28 U.S.C. § 1920.  A court may only tax those costs which are specifically authorized by statute. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

> A judge or clerk of any of court the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.  In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs

specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir.  2000).  The plaintiff does not dispute that the defendant is entitled to receive all costs recoverable under 28 U.S.C. § 1920.

1. <u>Fees for printed or electronically recorded transcripts necessarily obtained for use in the case.</u>

The defendant seeks reimbursement in the amount of $20,197.29, for fees associated with deposition transcripts.  Fees for deposition transcripts may be recovered under 28 U.S.C. § 1920(2).  The defendant seeks fees for the transcripts of the depositions of the following individuals: 1) Barbara McFarland 2) Joseph Fitzgerald 3) Sunbeam (Ed Ansin); 4) Robert Leider; 5) Debbie Castellano; 6) Patrick Mullen; 7) Richard Rapp; 8) Eugene Ericksen; 9) Cyndi Feinstein; 10) Jane Ryan; 11) Richard Spooner; 12) Frank Maggio; 13) Jerry Hausman; 14) Ceril Shagrin; 15) James Webster; 16) Daniel Rubinfield; 17) Timothy Dolson; 18) Ceril Shagrin; and, 19) Gale Metzger.  In sum, the defendant seeks reimbursement for the nineteen deposition transcripts that were included in the record.  The defendant only requests the cost of the transcript and the appearance fee associated with each of these depositions.  See "Defendant Nielsen's Memorandum of Law in Support of its Bill of Costs" (DE # 191, 2/22/11).  The depositions at issue were depositions of fact and expert witnesses.  The plaintiff does not object to these costs.

The party seeking reimbursement must show that the deposition "was necessarily obtained for use in the case."  W&O, Inc., 213 F.3d at 621 (citing Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981)). The undersigned finds that these costs are reasonable, permitted under the statute, and were necessarily obtained for use

in the case.  Accordingly, the undersigned recommends that the defendant be awarded **$20,197.29** for expenses associated with deposition transcripts.

        2.        <u>Fees for Exemplification</u>

The defendant requests reimbursement in the amount of $4,319.93 for fees associated with copies.  28 U.S.C. § 1920(4) allows for recovery of "fees for exemplification and the costs of making copies of any materials where the copies necessarily obtained for use in the case." 28 U.S.C. § 1920(4).  Photocopying costs are taxable pursuant to 28 U.S.C. § 1920(4). <u>James v. Wash Depot Holdings, Inc.</u>, 242 F.R.D. 645, 651 (S.D. Fla. 2007) (citing <u>Desisto College, Inc. v. Howey-in-the-Hills</u>, 718 F. Supp. 906, 913 (M.D. Fla. 1989)).

The defendant requests copy costs in the amount of $4,319.93 for in-house copies.  These copy costs were incurred due to the photocopying of the defendant's moving and reply memoranda of law and supporting materials for summary judgment for filing with the court and providing to the plaintiff (DE # 94, 9/21/10). The invoice attached to the defendant's Bill of Costs at exhibit 21 reflects 20,301 copies at $0.25 per copy for a total charge of <u>$5,075.25</u>.  The first invoice attached to the defendant's Bill of Costs at exhibit 22 (transaction data from 10/1/10 to 10/31/10) reflects 4,073 copies at $0.25 per copy for a total charge of <u>$1,018.25</u>.  The second invoice attached to the defendant's Bill of Costs at exhibit 22 (transaction date 11/1/10 to 11/30/10) reflects 1,074 copies at $0.20 per page for a total charge of <u>$214.80</u>. The total amount of copy charges reflected in the invoices is $6,308.30 for a total of 25,448 copies.  As noted in the Declaration of Aidan Synnott in Support of Nielsen's Bill of Costs attached as exhibit 1 to the Bill of Costs, "two of the six copies for each of the moving brief and reply brief were made for

defense counsel, we have reduced the invoiced costs associated with these by one-third." "Declaration of Aidan Synnott in Support of Nielsen's Bill of Costs" (DE # 190-1, 2/22/11). According to the undersigned's calculations a one-third reduction of 25,448 copies would result in a reduction of 8,483 copies. The two-third of copies sought by the defendant would result in 16,966 copies being permitted. The declaration notes that these costs total $4,319.93.[1] The plaintiff does not object to these costs.

"[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue.'" James, 242 F.R.D. at 651 (citing W&O, Inc., 213 F.3d at 623). The undersigned finds that the requested in-house photocopy costs were for copies necessarily obtained for use in the case. The plaintiff does not object to the costs of the copies.

Accordingly, the undersigned recommends that the defendants be awarded ***$4,205.54*** for costs associated with the fees for exemplifications and the costs of making copies.

In accordance with the foregoing, the undersigned recommends that the defendants be awarded $24,402.83 in costs ($20,197.29 for transcripts and $4,205.54 for copies).

## RECOMMENDATION

In accordance with the above and foregoing, it is hereby

---

[1] The undersigned notes that by his calculations, two-third of $6,308.30 is $4,205.54 (6,308.30 divided by 3 equals 2,102.77. 2,102.77 multiplied by 2 equals $4,205.54). It is not the $4,319.93 that the defendant indicates is requested by the defendant for the four copies related to the "invoiced costs associated with these." Declaration at 2 (DE # 190-1, 2/22/11).

**RESPECTFULLY RECOMMENDED** that the Defendant, Nielsen Media Research, Inc.'s Bill of Costs (DE # 190, 2/22/11) be GRANTED in part and DENIED in part and the defendant be awarded **$24,402.83** in costs.  The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul Huck, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); See also RTC v. Hallmark Builders, Inc., 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 5th day of April, 2011. _____

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge Huck
All Counsel of Record